UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEJHAN SANDERS,

      Plaintiff,                  Case No. 2:23-cv-11413
                                    District Judge Matthew F. Leitman
v.                                 Magistrate Judge Kimberly G. Altman

JOHN PURDOM, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 14)

### I.     Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff DeJhan Sanders (Sanders), a prisoner at Macomb Correctional Facility (MRF) proceeding *pro se*, filed a complaint naming Sgt. John Purdom (Purdom), Prison Counselor Scott Webster (Webster), Corrections Officer Cesar Martinez (Martinez), Corrections Officer Travis Ling (Ling), Corrections Officer Evan Saunders (Saunders), Corrections Officer Justin Corby (Corby), and Corrections Officer Taylor Droste (Droste) as defendants, all of whom are employed by the Michigan Department of Corrections (MDOC). (ECF No. 1). Sanders claims that defendants violated his constitutional rights under the Eighth and Fourteenth

1

Amendments.  (*Id.*).  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 9).

Before the Court is defendants' motion for summary judgment on the basis of exhaustion and *res judicata*.  (ECF No. 14).  The motion is fully briefed, (ECF Nos. 17, 18), and ready for consideration.  For the reasons that follow, the undersigned RECOMMENDS that defendants' motion be GRANTED IN PART and DENIED IN PART.  Specifically, as the claims are outlined below, Claim 1 against Ling, Martinez, and Purdom should be DISMISSED WITH PREJUDICE based on *res judicata*.  Claim 3 against Corby and Saunders, Claim 4 against Webster, and Claim 5 against Droste should be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.  If this recommendation is adopted, the case would proceed against Purdom on Claim 3 (putting Sanders in solitary), Saunders on Claim 2 (sexual harassment), and Webster on Claim 6 (due process).

## II.    The Complaint

The undersigned considers Sanders's allegations in the complaint to be true for the purposes of defendants' motion to dismiss.  Sanders makes the following allegations against defendants:

1. On July 16, 2021, Purdom, Ling, and Martinez assaulted Sanders, causing injury (ECF No. 1, PageID.5, 7) (Claim 1);

2

2. From September 1, 2021, until November 1, 2021, Saunders sexually harassed Sanders by making verbal comments and statements (*id.* at PageID.6) (Claim 2);

3. Corby conspired with Purdom and Saunders to put Sanders in the "hole" (*id.*) (Claim 3);

4. Webster placed Sanders on food loaf restriction (*id.*) (Claim 4);

5. Droste fabricated several documents in support of criminal misconduct (*id.*) (Claim 5); and

6. Webster signed off on misconduct tickets without reviewing them with Sanders (*id.*) (Claim 6).

### III.   Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of

material fact exists. . . ." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486

(6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2)

(providing that if a party "fails to properly address another party's assertion of

fact," the court may "consider the fact undisputed for purposes of the motion").

"Once the moving party satisfies its burden, 'the burden shifts to the nonmoving

party to set forth specific facts showing a triable issue.' " *Wrench LLC v. Taco

Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus.

Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

   The nonmoving party "must make an affirmative showing with proper

evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551,

558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*,

432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must do more than simply

show that there is some metaphysical doubt as to the material facts. There must be

evidence upon which a reasonable jury could return a verdict in favor of the non-

moving party to create a genuine dispute.") (cleaned up).  "Such evidence

submitted in opposition to a motion for summary judgment must be

admissible." *Alexander*, 576 F.3d at 558 (internal quotation marks and citations

omitted).  In other words, summary judgment is appropriate when the motion "is

properly made and supported and the nonmoving party fails to respond with a

showing sufficient to establish an essential element of its case[.]" *Stansberry*, 651

4

F.3d at 486 (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The fact that Sanders is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006). Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

## IV. Exhaustion of Administrative Remedies

### A. Sanders's Step III Grievance Report

Defendants argue that Sanders has failed to exhaust his administrative remedies through the MDOC grievance process for all claims except for Claim 2 against Saunders and Claim 3 against Purdom. (ECF No. 14, PageID.108). Defendants have attached to their motion a Step III Grievance Report containing the three grievances that Sanders has pursued through all three steps of the process at MRF. (ECF No. 14-3). The report shows the following grievances, as summarized in the following chart included in defendants' motion (as modified by the undersigned):

| Grievance No. (Ex. 2 Pincite) | MDOC Def.(s) grieved at Step I | Issue(s) grieved at Step I | Grievance Outcome |
|---|---|---|---|
| MRF-21-09-1967-17C (6–10) | Saunders | Saunders harassed him on 9-12-21 by telling him to "eat a dick." | <u>Step I:</u> partially resolved<br><br><u>Step II:</u> resolved<br><br><u>Step III:</u> denied |
| MRF-21-10-2106-17A (11–15) | Purdom | On 9-21-21, Purdom retaliated against him by filing grievances by encouraging staff to write him false misconduct tickets. | <u>Step I:</u> denied<br><br><u>Step II:</u> denied<br><br><u>Step III:</u> denied |
| MRF-21-10-2121-28B (16–20) | None | On 9-19-21, non-def. Counselor Wesker falsified a document. | <u>Step I:</u> rejected (vague)<br><br><u>Step II:</u> rejection aff'd<br><br><u>Step III:</u> rejection aff'd |

(ECF No. 14, PageID.98 (internal footnote omitted)).

As will be discussed below, defendants argue that only two grievances—MRF-21-09-1967-17C (MRF-1967) and MRF-21-10-2106-17A (MRF-2106)—were exhausted, and that these grievances name only Saunders and Purdom.  Thus,

6

defendants argue that Sanders's claims against the other defendants (Claims 1, 4, 5, and 6) should be dismissed for failure to exhaust.  (*Id.*, PageID.108).

## B.      Legal Standard for Exhaustion

The PLRA requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions.  42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006).  Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (internal quotation marks and citations omitted).  Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court and produces a useful administrative record.  *Jones v. Bock*, 549 U.S. 199, 204 (2007).  The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.* at 218.

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015).  But a prisoner countering a motion alleging failure to exhaust "must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused

7

from doing so." *Sango v. Johnson*, No. 13-12808, 2014 WL 8186701, at *5 (E.D. Mich. Oct. 29, 2014), *report and recommendation adopted*, 2015 WL 1245969 (E.D. Mich. Mar. 18, 2015).  Granting summary judgment because of a failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice.  *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

The MDOC has established a three-step process to review and resolve prisoner grievances.  "Under the [Michigan] Department of Corrections' procedural rules, inmates must include the '[d]ates, times, places and names of all those involved in the issue being grieved' in their initial grievance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010).  As noted by the Court in *Woodford*, one of the purposes of requiring proper exhaustion is to "provide[ ] prisons with a fair opportunity to correct their own errors." *Woodford*, 548 U.S. at 94.  To be sufficient, a grievance need not "allege a specific legal theory or facts that correspond to all the required elements of a particular legal theory." *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) *abrogated with respect to other principles by Jones v. Bock*, 549 U.S. 199 (2007).  Nonetheless, the grievance must give "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint." *Id.*

Under MDOC PD 03.02.130, prisoners must provide the following

8

information at Step I of the grievance process: "The issues should be stated briefly but concisely.  Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places, and names of all those involved in the issue being grieved are to be included."  MDOC PD 03.02.130 ¶ S (underscoring omitted).

 "The grievance process is exhausted once the final response is issued in Step III."  *Parker v. Turner*, No. 20-12794, 2022 WL 1787037, at *2 (E.D. Mich. June 1, 2022).

### C.    Application

As noted above, defendants argue that only two of Sanders's grievances are exhausted—MRF-1967 and MRF-2106.  Because Sanders did not pursue any grievances related to Claims 4 or 5, defendants argue that only the grievances relating to Claim 2 (MRF-1967) and Claim 3 (MRF-2016) were exhausted.[1]  As MRF-1967 names only Saunders and MRF-2016 names only Purdom, defendants conclude that only Saunders and Purdom should remain in this lawsuit.  Defendants argue that MRF-21-10-2121-28B (MRF-2121) does not name any

---

[1] Defendants further argue that Sanders did not pursue a grievance related to Claim 1, (ECF No. 14, PageID.108), but it is apparent that MRF-21-07-1615-26A (MRF-1615) grieved the issues and individuals identified in Claim 1.  (*See* ECF No. 1, PageID.12).  It is unclear whether this claim was properly exhausted because neither party provided the Step I grievance form for MRF-1615.  However, the question of exhaustion for this grievance is ultimately immaterial, as the issues in Claim 1 should be disposed of, as explained below, on the basis of *res judicata*.

defendants in this case, but as discussed below, the grievance can be read to include Webster, and thus exhausts Claim 6.

1. Grievance MRF-1967

MRF-1967 was filed on September 16, 2021. (ECF No. 14-3, PageID.130). In it, Sanders stated that Saunders sexually harassed him on September 12, 2021, by telling him to "eat a dick." (*Id.*). Sanders said that he tried to speak with an assistant resident unit manager ("ARUS") about the incident but was unable to because the ARUS did not come into work on that day. (*Id.*). Sanders also said he spoke to a prison counselor about the incident.

The grievance was denied at Step I on October 11, 2021. (*Id.*, PageID.131). The decision said that the grievance was "partially resolved," and that the issue would be "handled [a]dministratively" through a Prison Rape Elimination Act (PREA) investigation. (*Id.*). Sanders timely appealed the grievance to Step II on October 18, 2021. (*Id.*, PageID.128). The Step II response said that the grievance had been resolved, noting that the issue "is being addressed and will be handled administratively." (*Id.*, PageID.129). At Step III, Sanders renewed his request, stating that Saunders continues to sexually harass him. (*Id.*, PageID.128). His appeal was denied on grounds that the "issue was in fact considered, investigated, and a proper decision was rendered." (*Id.*, PageID.127).

A prisoner who exhausts all "available" administrative remedies is one who

"uses all steps that the agency holds out, and does so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (emphasis in original) (cleaned up). Because Sanders used all three steps held out by MDOC and was denied at each step, Sanders indeed exhausted his claim in MRF-1967. Therefore, as defendants concede, Sanders properly exhausted all available administrative remedies for Claim 2 against Saunders and may bring this claim in a lawsuit. *See Woodford*, 548 U.S. at 88-90, 93.

### 2. Grievance MRF-2106

MRF-2106 was filed on September 22, 2021. (ECF No. 14-3, PageID.135). In it, Sanders said that Purdom was retaliating against him for writing previous grievances about Purdom and his staff assaulting him. (*Id.*). He said that Purdom was "soliciting staff to write [Sanders] bogus tickets" in an attempt to put Sanders in "the hole." (*Id.*). Sanders said that several officers told him that Purdom was asking them to write him "bogus tickets" and that Purdom was asking the prison counselors to ignore Sanders's concerns. (*Id.*).

The grievance was denied at Step I on October 2, 2021. (*Id.*, PageID.136). The decision said that the grievance was denied because Sanders's claims could not be substantiated. (*Id.*). Further, the decision noted that Purdom denies the claims and that a review of Sanders's misconduct history suggested that Sanders "shows an inability to follow the rules or staff direction." (*Id.*). Sanders timely

11

appealed the grievance to Step II and the previous denial was upheld.  (*Id.*,

PageID.134).  At Step III, Sanders renewed his request, stating that the Step II

response failed to address his claims that Purdom falsified documents and told staff

to write him bogus tickets.  (*Id.*, PageID.133).  Sanders also denied that there was

any evidence that he had a problem with discipline.  (*Id.*).  His appeal was denied

on grounds that the "issue was in fact considered, investigated, and a proper

decision was rendered."  (*Id.*, PageID.132).  Therefore, Sanders properly exhausted

all available administrative remedies before filing his lawsuit on the claims in

MRF-2106, and he may thus bring Claim 3 against Purdom.  *See Woodford*, 548

U.S. at 88-90, 93.

Despite alleging in his complaint that Saunders and Corby conspired with

Purdom to "put [Sanders] in the hole," and that Droste participated in the

conspiracy by "fabricat[ing] several documents," (ECF No. 1, PageID.6), Sanders

does not name Saunders, Corby, or Droste in his Step I grievance.  (*See* ECF No.

14-3, PageID.135).  To properly exhaust a claim under the MDOC's procedural

rules, inmates must " 'name[]…all those involved in the issue being grieved' in

their *initial* grievance."  *Reed-Bey v. Pramstaller*, 603 F.3d at 324 (quoting what is

now MDOC PD 03.02.130 ¶ S, ECF No. 14-2, PageID.116).  "[A] prisoner

ordinarily does not comply with MDOC 130—and therefore does not exhaust his

administrative remedies under the PLRA—when he does not specify the names of

each person from whom he seeks relief." *Mattox v. Edelman*, 851 F.3d 583, 590-91 (6th Cir. 2017) (citing *Reed–Bey*, 603 F.3d at 324-25).  "An exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits." *Id.*  Although the MDOC did not reject the grievance for failing to name the culprits, this argument is not waived because at least one culprit—Purdom—was specifically identified in the grievance.  Thus, the MDOC had no reason reject the grievance for lack of a named culprit.  *Fortenberry v. Fuciarelli*, No. 2:22-CV-12367, 2024 WL 1502256, at *6 (E.D. Mich. Mar. 5, 2024), *report and recommendation adopted sub nom. Fortenberry v. Kelley*, 2024 WL 1494744 (E.D. Mich. Apr. 4, 2024).  Therefore, Claim 3 should be dismissed without prejudice as to Saunders and Corby, but not as to Purdom, and Claim 5 against Droste should be dismissed.

### 3.  Grievance MRF-2121

MRF-2121 was filed on September 21, 2021.  (ECF No. 14-3, PageID.140).  In it, Sanders said that "Counselor Wesker" (Wesker) falsified a document in which Wesker claimed to have reviewed Sanders on a Class II Ticket on September 16, 2021, when Wesker had not in fact reviewed Sanders.  (*Id.*).  Sanders claimed that this act by Wesker was in violation of his right to due process.  (*Id.*).  Sanders said that he spoke with staff and "Lt. Ornidino" about the incident on September 19, 2021.  (*Id.*).

The grievance was rejected at Step I on October 1, 2021, on grounds of vagueness. (*Id.*, PageID.141). Sanders timely appealed the grievance to Step II on October 13, 2021. (*Id.*, PageID.138). This rejection was upheld at Step II on October 9, 2021, (*id.*, PageID.137), and at Step III on December 15, 2021, without further explanation, (*id.*, PageID.139).

A grievance that has been explicitly rejected for a procedural reason—and therefore not decided on its merits—is unexhausted. *See Reeves v. Salisbury*, No. 11-CV-11830, 2012 WL 3206399, at *5 (E.D. Mich. Jan. 30, 2012), *report and recommendation adopted in relevant part*, 2012 WL 3151594 (E.D. Mich. Aug. 2, 2012). However, "the Court is not required to blindly accept the state's application of the procedural rule." *Id.*; *see also Williams v. Winn*, No. 18-11060, 2019 WL 2252012 at *6 (E.D. Mich. Feb. 27, 2019) ("The rejection of a grievance is not, however, the end of the analysis. It is appropriate for the Court to review the prison official's administration of the state grievance procedure."), *report and recommendation adopted*, 2019 WL 1417166 (E.D. Mich. Mar. 29, 2019).

Defendants argue that "MRF-2121 did not exhaust any claims against [defendants] because it did not name them as individuals being grieved at Step I." (ECF No. 14, PageID.108). However, it appears that defendants erred in assuming that the claim in MRF-2121 was against "non-def. Counselor Wesker." (ECF No. 14, PageID.98). In the view of the undersigned, it seems likely that the claims in

Sanders's Step I grievance were intended to be made against Counselor *Webster*.

Sanders writes in his Step II appeal, "I added Counselor Webster's name [to] the

grievance[.]  Now after making this clear I would like [t]he action [I] sought

taken." (ECF No. 14-3, PageID.138).  Thus, when grievance MRF-2121 is

considered in conjunction with Sanders's correction at Step II to "Webster," (ECF

No. 14-3, PageID.138), it appears that but for his spelling error, Sanders would

have properly named Webster in his Step I grievance.  As noted by the defendants,

Webster is named as a defendant in the complaint.  (ECF No. 14, PageID.97; *see*

*also* ECF No. 1, PageID.2).  A misspelling of "Webster" in Sanders's Step I

grievance does not preclude the grievance from being exhausted, as "[c]ourts in

this Circuit have repeatedly held that 'there is no substantive difference between

identifying a defendant by name…, position, or other information.' "  *Harp v.*

*Hallett*, No. 5:19-CV-13789, 2022 WL 17494605 (E.D. Mich. Feb. 15, 2022)

(quoting *Mahaffey v. Buskirk*, No. 13-14646, 2014 WL 2864099, at *12 n.13 (E.D.

Mich. June 24, 2014)), *report and recommendation adopted in relevant part*, 2022

WL 17039315 (E.D. Mich. Nov. 17, 2022).  When a prisoner "suppl[ies] sufficient

information for the prison to identify… the persons being grieved," the prisoner

"substantially compl[ies] with the MDOC grievance procedures, and g[ives]

Defendants fair notice of the claims against them."  *Burton v. Kakani*, No. 09-

10893, 2009 WL 3101046, at *7 (E.D. Mich. Sept. 23, 2009) (holding that

identification of unnamed defendants as "the PA" and "the MD" in grievance was
sufficient to provide fair notice to defendants where no other PA or doctor was
assigned to the prison at the relevant time). *See also Harrington v. Smolinski*, No.
1:05-CV-688, 2006 WL 549383, at *3 (W.D. Mich. Mar. 6, 2006) (finding
plaintiff's identification of unnamed defendant by title of "Classification Director"
in grievance was sufficient); *Stevenson v. Michigan Dep't of Corr.*, No. 1:07-CV-
213, 2008 WL 623783, at *1-2 (W.D. Mich. Mar. 4, 2008) (holding that while
plaintiff did not name defendants, "he did generally identify each Defendant and
thereby provided sufficient information to properly exhaust his claim against all
Defendants" by identifying defendants in his grievance as "health care staff and
supervisors, Defendant Ashley, Tri-County Orthopedic staff, Defendant Burdett,
Defendant Royster, Defendant Schneeberger, and 'all those equally involved' ").
Given that "Wesker" is identified as a counselor in Sanders's Step I grievance,
(ECF No. 14-3, PageID.140), and that Webster is a prison counselor, (ECF No. 14,
PageID.97), there is an issue of material fact as to whether prison officials should
have identified Webster as the individual being grieved in MRF-2121 at Step I.

        In his complaint, Sanders claims that after being "assigned to Wesker's case
load," Wesker began "signing off on the tickets even though [Sanders] was never
reviewed." (ECF No. 1, PageID.6). These claims correspond with the claims
made against "Wesker" in Sanders's Step I grievance. (ECF No. 14-3,

16

PageID.140).

As established above, prison officials had ample reason to conclude that the person intended to be grieved was Webster and that but for his spelling error, Sanders would have properly named Webster in his Step I grievance. Given that Sanders included dates, times, places and Webster's job title in MRF-2121, and corrected the spelling of Webster's name at Step II, a reasonable juror could conclude that the grievance exhausted Sanders's claim in accordance with MDOC policy. (MDOC PD 03.02.130 ¶ S, ECF No. 14-2, PageID.116). Therefore, in the view of the undersigned, defendants have not shown that MRF-2121 was properly rejected. Because Sanders appealed the grievance at Step II and Step III in accordance with MDOC policy, his claims in MRF-2121 should not be considered unexhausted at this time. *See Williams v. Winn*, 2019 WL 2252012, at *7 (holding that a grievance improperly rejected for vagueness that was appealed through all three steps required by MDOC policy exhausted plaintiff's claims); *Wayne v. Heyns*, 2015 WL 736329, at *6 (E.D. Mich. Feb. 20, 2015) ("The Court cannot discern what more Plaintiff could have done to comply with PD 03.02.130…. Therefore, even though the MDOC rejected Plaintiff's Step I grievance as vague, the undersigned finds that Plaintiff's efforts to exhaust his administrative remedies were sufficient under the circumstances."). For this reason, summary judgment as to Claim 6 should be denied.

17

As to Claim 4, Sanders alleges in his complaint that Webster instructed Purdom to "put [Sanders] on food loaf," (ECF No. 1, PageID.6). However, there is no claim related to being put on food loaf in Sanders's Step I grievance against Webster. *See* ECF No. 14-3, PageID.140. Sanders also did not make any such claim in any other grievance. As such, Claim 4 has not been exhausted at any level. Therefore, Sanders's Claim 4 against Webster should be dismissed for lack of exhaustion.

V.      *Res Judicata*

A.      Legal Standard

Claim preclusion, or *res judicata*, applies when (1) there is a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is an identity of claims between the first and second actions. *Heike v. Central Michigan University Board of Trustees*, 573 F.App'x 476, 480 (6th Cir. 2014). A claim dismissed with prejudice constitutes a final decision on the merits. *Fizer v. City of Burton*, No. 15-CV-13311, 2016 WL 6821989, at *3 (E.D. Mich. Nov. 18, 2016). "Causes of action share an identity where the facts and events creating the right of action and the evidence necessary to sustain each claim are the same." *Heike*, 573 F.App'x at 483 (citing *Sanders Confectionery*

18

*Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 484 (6th Cir. 1992)).

B.      Application

As defendants note, the allegations against Purdom, Martinez, and Ling, which form the basis for Claim 1, were previously raised in *Sanders v. Purdom, et al.,* (*Sanders I*), No. 5:21-cv-12537 (E.D. Mich) (Gray, J.).  *See* Complaint at ECF No. 1, PageID.2-5, *Sanders I*, No. 5:21-cv-12537 (E.D. Mich. filed Oct. 22, 2021). Like Claim 1 in this case, *Sanders I* involved Purdom, Martinez, and Ling.  (ECF No. 1, PageID.2-3, *Sanders I* (No. 5:21-cv-12537)).  *Sanders I* addressed a June 6, 2021 assault and a July 16, 2021 assault.  (*Id.*, PageID.5, *Sanders I* (No. 5:21-cv-12537)).  After Sanders filed his complaint in *Sanders I* on October 22, 2021, the court issued an Opinion and Order of Partial Summary Dismissal, dismissing the MDOC as a defendant, and allowing the complaint to proceed against Purdom, Martinez, and Ling.  (ECF No. 9, PageID.50, *Sanders I* (No. 5:21-cv-12537)).  The court then referred the case to the District Court's Pro Se Prisoner Early Mediation Program for possible resolution and scheduled a mediation conference for April 19, 2022.  (ECF No. 15, *Sanders I* (No. 5:21-cv-12537)).  After a mediation conference was held, a settlement was placed on the record, and the court ordered that the action in *Sanders I* be dismissed with prejudice on April 20, 2022.  (ECF No. 17, *Sanders I* (No. 5:21-cv-12537)).

Here, the complaint alleges an assault on July 16, 2021, against the same

officers as in *Sanders I*.  (ECF No. 1, PageID.4-5).  Issues related to this July 2021 assault, allegedly perpetrated by Purdom, Ling, and Martinez, were litigated or should have been litigated in the previous action.  *See* ECF No. 14-4. Because Sanders's previous case, *Sanders I*, was dismissed with prejudice on April 20, 2022, (ECF No. 14-4), it constitutes a final decision on the merits.  *Fizer*, 2016 WL 6821989, at *3.  The suits share an identity of claims because the claims in both "stem[med] from the same set of operative facts."  *Heike*, 573 F.App'x at 483. Sanders's claims against Purdom, Ling, and Martinez were dismissed with prejudice in *Sanders I*.

    In sum, all of the requirements for *res judicata* have been met.  Sanders's Claim 1 against Purdom, Ling, and Martinez in this case should be dismissed based on *res judicata*.

## VI.   Conclusion

    For the reasons stated above, the undersigned RECOMMENDS that defendants' motion be GRANTED IN PART and DENIED IN PART. Specifically, Claim 1 against Ling, Martinez, and Purdom should be DISMISSED WITH PREJUDICE based on *res judicata*.  Claim 3 against Corby and Saunders, Claim 4 against Webster, and Claim 5 against Droste should be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.  If this recommendation is adopted, the case would proceed against Purdom on Claim 3,

Saunders on Claim 2, and Webster on Claim 6.

Dated: July 16, 2024          s/Kimberly G. Altman
Detroit, Michigan             KIMBERLY G. ALTMAN
                              United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 16, 2024.

s/Carolyn M. Ciesla
CAROLYN M. CIESLA
Case Manager
