UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEJHAN SANDERS,

    Plaintiff,

v.

JOHN PURDOM, *et al.*,

    Defendants.

_____/

Case No. 2:23-cv-11413
District Judge Matthew F. Leitman
Magistrate Judge Kimberly G. Altman

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 28)

### I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff DeJhan Sanders (Sanders), a prisoner at Macomb Correctional Facility (MRF) proceeding *pro se*, filed a complaint against various employees of the Michigan Department of Corrections (MDOC) claiming that they violated his constitutional rights under the Eighth and Fourteenth Amendments. (ECF No. 1). After early motion practice, claims remain against Sgt. John Purdom (Purdom), Prison Counselor Scott Webster (Webster), and Corrections Officer Evan Saunders (Saunders). (ECF No. 23). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 9).

Before the Court is Sanders's motion requesting appointment of counsel. (ECF No. 28). For the reasons that follow, the motion will be DENIED.

## II.     Legal Standard

Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits. *Lavada v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted).

## III.     Discussion

Sanders requests appointment of counsel due to his indigence and "to seek justice for this cause." (ECF No. 28, PageID.216). This is not an exceptional circumstances that would warrant the appointment of counsel at this time. "An 'exceptional circumstance' is something 'beyond relatively routine circumstances such as illiteracy, poverty, lack of legal knowledge, or illness.' " (ECF No. 18, PageID.67 (quoting *Andwan v. Village of Greenhills*, No. 1:13-cv-624, 2017 WL 194347, at *7 (S.D. Ohio Jan. 18, 2017)). The difficulties of litigating a case due to incarceration alone do not warrant appointment. *See, e.g., Jeter v. Lawless*, No. 1:19-CV-623, 2019 WL 6044202 (S.D. Ohio Nov. 15, 2019) (no exceptional

circumstances found where plaintiff alleged difficulty in litigating matter due to incarceration and placement in segregation). For these reasons, Sanders's present motion is DENIED.

Should Sanders's case survive dispositive motion practice and proceed to trial, he may file a renewed motion for the appointment of counsel at that time. Accordingly, Sanders's motion to appoint counsel is DENIED.

SO ORDERED.

Dated: September 25, 2024       s/Kimberly G. Altman
Detroit, Michigan       KIMBERLY G. ALTMAN
     United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 25, 2024.

     s/Julie Owens
     Case Manager